UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 10-20479-TLM |
| JOEL K. WAHLIN, ) | |
| ) | Chapter 11 |
| ) | |
| Debtor in Possession. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION ON MOTION TO RECONSIDER**
_____

On February 15, 2011, this Court entered orally its findings of fact, conclusions of law, and ruling on the motion of Mountain West Bank to convert or dismiss this chapter 11 case, Doc. No. 61 ("Dismissal Motion"). On February 16, the Court entered an order in accord with that ruling, dismissing the case. Doc. 124 ("Dismissal Order"). On February 23, 2011, the chapter 11 debtor in possession, Joel K. Wahlin ("Debtor"), filed a motion to reconsider the Dismissal Order. Doc. No. 126 ("Motion to Reconsider").

The Court first addresses a procedural matter. Debtor "requests oral argument" on the Motion to Reconsider. *Id.* at 1. As discussed below, the burden is on the proponent of a motion under Rule 59 to set forth clearly therein the grounds upon which such relief is sought. This Court then evaluates those contentions. While the Court may, in its discretion, hold a hearing on such a

MEMORANDUM OF DECISION - 1

motion, it is not inflexibly required.[1]  Having here considered fully all the contentions raised and the grounds alleged in the Motion to Reconsider and Debtor's supporting memorandum, Doc. No. 127 ("Brief"), the Court determines oral argument is not necessary.  Thus the request for oral argument will be denied, and the hearing Debtor noted for April 5, 2011, *see* Doc. No. 128, will be vacated.

The Motion to Reconsider cites to and is brought under Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59.  Doc. No. 126 at 1.  It does not specify which portion of Rule 59, made applicable under Bankruptcy Rule 9023, is invoked.  *Id.*  However, the Brief filed in support of the Motion to Reconsider indicates Debtor relies upon Rule 59(e).  Doc. No. 127 at 1.

In this Circuit, a motion under Rule 59(e) to "alter or amend a judgment" will not be granted "absent highly unusual circumstances," and reconsideration of a judgment or order after its entry by the court "is an extraordinary remedy which should be used sparingly."  The trial court enjoys "considerable discretion" in granting or denying such a motion.  There are four grounds upon which a Rule

---

[1] This Court's website contains the "procedural policies" of the Bankruptcy Judges.  In regard to "motions to reconsider" those policies indicate that the motions are to be filed without obtaining a hearing date; the motions are forwarded to chambers; counsel will be contacted should the judge require the matter to be set for hearing; and the judge will either rule on the motion *ex parte*, ask for a response from the parties, or have a hearing scheduled.  *See* http://www.id.uscourts.gov/ChambersPreferences/4-BK-Motions.htm (found via menu: "Attorney Resources -- Judges' Policies/Procedures/Articles -- Bankruptcy Judges Procedures -- Motions Practice -- Motions to Reconsider").  Although not requested by the Court, Mountain West Bank filed a response to the Motion to Reconsider on March 18, 2011.  *See* Doc. No. 131.  The Court has not considered Mountain West Bank's response.

MEMORANDUM OF DECISION - 2

59(e) motion may be granted: (1) the motion is "necessary to correct manifest errors of law or fact upon which a judgment is based," (2) the moving party presents "newly discovered or previously unavailable evidence," (3) the motion is necessary "to prevent manifest injustice," (4) there is an "intervening change in controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (citations omitted).[2] In a recent case, the Ninth Circuit phrased the Rule 59(e) standard in a slightly different style:

> [A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). *See also Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 n.1 (9th Cir. 2005) (holding that relief under Rule 59(e) is appropriate if (1) the court is presented with newly discovered evidence, (2) the court committed clear error or its initial decision was manifestly unjust, or (3) there is intervening change

---

[2] The standard for motions under Rule 59(a) are similar: such a motion may be granted, in the court's discretion, upon a showing of manifest error of fact, manifest error of law, or newly discovered evidence. *Janas v. Marco Crane & Rigging Co. (In re JWJ Contracting Co.)*, 287 B.R. 501, 514 (9th Cir. BAP 2002). However the Bankruptcy Appellate Panel in *Hansen v. Moore (In re Hansen)*, 368 B.R. 868, 878 (9th Cir. BAP 2007), identified these three elements as the ones applicable to Rule 59(e) motions. *Id.* (citing *Hale v. United States Tr. (In re Basham)*, 208 B.R. 926, 934 (9th Cir. BAP 1997), *aff'd* 152 F.3d 924 (9th Cir. 1998). The general similarity of the standards, and the nature of the discretion granted the trial court, makes the occasional reference of the Rule 59(a) standards to Rule 59(e) motions and *vice versa* not a matter of significant concern.

MEMORANDUM OF DECISION - 3

in controlling law) (citations omitted).

Here, Debtor's Motion to Reconsider states that its "grounds . . . are to correct clear error or prevent manifest injustice[.]" Doc. No. 126 at 1.[3] The Court starts with the contention of manifest error or law or fact.

A manifest error of fact or law must be one "that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (quoting Black's Law Dictionary 563 (7th ed. 1999)). An example of a manifest error of law would be a judgment that is demonstrably void due to a defect in notice that rises to the level of a violation of constitutional due process. *See In re Graves*, 279 B.R. 266, 276 (9th Cir. BAP 2002). Similar manifest errors of law (for example, a trial court's citation to and reliance on overruled case authority) can easily be imagined. But manifest error of law is not merely a party's disagreement with how the trial court applied the law. Manifest error "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)

---

[3] There is no contention regarding an intervening change in controlling law, and that ground will not be addressed. There is also no clear contention of "newly discovered evidence" but this ground will be briefly addressed *infra*, because some references are made in the Motion to Reconsider and Brief to the evidence and the procedural course the underlying litigation followed.

MEMORANDUM OF DECISION - 4

(quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997).

The utility of the Rule, and the standards governing its application, is to allow the trial court an opportunity to remedy a clear and incontrovertible (*i.e.*, a "manifest") error of law it made, avoiding the cost and delay of appeal.  On the other side of the coin, however, the Rule is improperly used when the litigant is simply unhappy with the manner in which the correct and applicable law was applied to the evidence; the remedy for the litigant in such a situation is an appeal, not the rehashing of arguments in an attempt to persuade the court to change its mind.  As this Court stated in *In re Sterling Mining Co.*, 2009 WL 2705825 (Bankr. D. Idaho Aug. 24, 2009), asking the Court to rethink what it "carefully and deliberately considered" in entering its ruling is not a proper basis for relief under this Rule and "arguments that the Court was in error on the issues it considered and resolved should be directed to an appellate court."  *Id.* at *2 (citing *Alexander v. Bleau (In re Am. West Airlines, Inc.)*, 240 B.R. 34, 38 (Bankr. D. Ariz. 1999); *Above the Belt*, *Inc. v. Mel Bohannon Roofing*, *Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); and *Refrigerator Sales Co*. *v. Mitchell-Jackson*, *Inc*., 605 F.Supp. 6, 7 (N.D. Ill. 1983)).  Motions to reconsider are not vehicles by which to make the same arguments as earlier made (even if hopefully more persuasively),

MEMORANDUM OF DECISION - 5

or to raise arguments that should have been made but were not.[4]

Debtor has not identified, much less borne the burden of proving, that the Court's decision disregards or contravenes controlling law on the question of dismissal of a chapter 11 case under § 1112(b) or that there is some other "manifest" error of law.

Debtor has similarly failed to identify a manifest error of fact. A court's decision that materially relied on an exhibit that was never offered or admitted into evidence could be said to reflect a manifest error of fact, as could one which materially misstates a witness' testimony on which the decision rests.[5] But

---

[4] As more vividly stated:

> [B]ankruptcy proceedings are not exercises in successive approximation, on the model of early modern (World War II and before) naval gunfire, wherein one shoots a salvo, observes the splashes relative to the target, corrects, and shoots again, repeating the process until the target (or one's own ship) is destroyed:
>
> > "A motion to reconsider may *not* be used to present a *new* legal theory for the first time or to raise legal arguments which could have been raised in connection with the original motion. Also a motion to reconsider may *not* be used to *rehash* the same arguments presented the first time or simply to express the opinion that the court was wrong. The standard for granting a motion to reconsider is strict in order to preclude repetitive arguments that have already been fully considered by the court."

*Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 103-04 (9th Cir. BAP 2006) (quoting *In re Armstrong Store Fixtures Corp.*, 139 B.R. 347, 349-50 (Bankr. W.D. Pa. 1992) (emphasis in original; citations omitted). As the BAP notes, *Armstrong Store Fixtures* continues by observing that the court does not have the luxury of treating the first decision as a dress rehearsal for the next time, but must "'get it right' the first time" and that "[n]o less is expected of counsel." *Id.*

[5] For example, the motion would be properly taken if the court patently misunderstood a
(continued...)

MEMORANDUM OF DECISION - 6

Debtor's Motion to Reconsider identifies no such flaw. Instead, Debtor argues that the Court should have viewed the evidence before it differently, given it different weight, and concluded that Mountain West Bank failed to "meet[] its burden to establish cause" and that its Dismissal Motion "should be denied for lack of evidence." Doc. No. 127 at 1, 4. The Court has considered carefully Debtor's contentions, and finds that, while Debtor argues about how the Court should have weighed and evaluated the evidence, there is nothing proffered to show the decision rests on improperly admitted evidence or that there is some other "manifest" error of fact in the Court's decision.

The Motion to Reconsider also states it is presented "to prevent manifest injustice which would occur by dismissal of the case in allowing debtor's property to be sold at a foreclosure sale rather than at a sale where the debtor could realize fair market value for his assets." Doc. No. 126 at 1.[6]

"The 'manifest injustice' contemplated by Rule 59(e) is an amorphous concept with no hard line definition." *In re Henning*, 420 B.R. 773, 785 (Bankr. W.D. Tenn. 2009) (citing *U.S. v. Jarnigan*, 2008 WL 2944902, *2 (E.D. Tenn.

---

[5](...continued)
party, making a mistake not of reasoning but of apprehension. *Gregg v. American Quasar Petroleum Co.*, 840 F.Supp. 1394, 1401 (D. Colo. 1991)

[6] Debtor's Brief states, alternatively, that "it is manifestly unjust to dismiss this case without the moving party, Mountain West Bank, meeting its burden to establish cause pursuant to § 1112(b)(1)[.]" Doc. No. 127 at 1.

MEMORANDUM OF DECISION - 7

2008)). The movant must show an error that is "direct, obvious and observable." *Id.* (citing *Cummings, Inc. v. BP Prods. North America, Inc.*, 2009 WL 3169463, *2 (M.D. Tenn 2009)). A "showing of manifest injustice requires that there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Id.* (citing *McDaniel v. American Gen. Fin. Servs., Inc.* 2007 WL 2084277, *2 (W.D. Tenn. 2007)).

Debtor's Brief argues that the "manifest injustice" here comes from Mountain West Bank not having met its burden to establish "cause" to dismiss the case under § 1112(b). Doc. No. 127 at 1. In that memorandum, Debtor reargues whether there was cause shown under § 1112(b), including cause under § 1112(b)(4)(A).[7] Debtor also contends there was a supervening "likelihood of rehabilitation" sufficient to overcome cause for dismissal, and ultimately argues that "the court should reconsider its earlier ruling and find that the motion to dismiss by Mt West Bank [*sic*] should be denied for lack of evidence." *Id.* at 2-4. These contentions were, of course, precisely what Debtor urged in its opposition to the Dismissal Motion when it was first argued and submitted.

---

[7] "Cause" under § 1112(b) is not limited to the statutory examples found in § 1112(b)(4). *In re Wallace*, 2010 WL 378351, *2 (Bankr. D. Idaho Jan. 26, 2010). The Court has wide discretion to make an appropriate disposition of a case not just in light of the grounds listed in § 1112(b) but can "consider other factors as they arise, and . . . use its equitable powers to reach an appropriate result[.]" *Id.* at *3 (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 405-06 (1977)).

MEMORANDUM OF DECISION - 8

For context, the Dismissal Motion was heard at an evidentiary hearing on November 2, 2010, and taken under advisement. The Court later, on November 30, heard the question of approval under § 1125 of Debtor's proposed disclosure statement, and Mountain West Bank's objection thereto. On December 21, 2010, the Court issued a Summary Order that approved the disclosure statement. Doc. No. 90. In that Summary Order the Court indicated that its decision on the Dismissal Motion would "be held in abeyance, pending the hearing on confirmation [of the plan]" and "will be considered further in light of the evidence presented at the hearing [on confirmation] on February 2, 2011, and in light of any developments in the case as of such date." *Id.* at 3. The Summary Order also required Debtor and Mountain West Bank to disclose evidence in regard to that confirmation hearing no later than January 19. *Id.*

At hearing on February 2, Debtor announced that it would not pursue confirmation of the pending plan. The Court denied confirmation, and announced that it was terminating the abeyance and taking the Dismissal Motion back under advisement.

Two days later, Debtor filed an amended plan and an amended disclosure statement. Mountain West Bank responded with an amended motion to dismiss. Debtor set the new disclosure statement for an April hearing calendar, and the Bank set its motion for a March hearing calendar. Due to an issue with Debtor's

MEMORANDUM OF DECISION - 9

counsel's availability in early March, the parties entered into a stipulation. Doc No. 116. These developments came before the Court at a hearing on February 15. It was at that hearing that the Court entered its oral findings and conclusions, and ruling of dismissal, on the Dismissal Motion, Doc. No. 61.

Arguments about a lack or the extent of the evidentiary record to support the dismissal ruling are not well taken. The record on the Dismissal Motion was established in November. It could have been decided – on that record – at any time thereafter. There was a *limited* opportunity provided Debtor by the Court's December 21 Summary Order to enhance that record; the Court indicated that any evidence presented on February 2, 2011, would also be considered. Doc. No. 90 at 3. But neither party complied with the requirement in that Summary Order for timely disclosure of evidence by January 19, and no evidence was taken on February 2. The evidentiary record before the Court in connection with the Dismissal Motion, Doc. No. 61, was not significantly changed from that submitted in November.[8]

The Court is aware Debtor elected not to proceed with confirmation on February 2 because it decided to propose a slightly different plan. The comments

---

[8] While the Summary Order allowed for the Court's consideration of "developments in the case" as of February 2 in addition to any evidence presented at the February 2 hearing, those "developments" would not include the amended plan or disclosure statement, affidavit of Debtors, or other post-February 2 filings. At best it would include the monthly operating reports filed in November, December and January, Doc. Nos. 83, 89, 91, 102.

MEMORANDUM OF DECISION - 10

at hearing made Debtor's decision clear, as did the filing of the amended disclosure statement and plan two days later. But Debtor had three months from the initial submission of the Dismissal Motion in November to the date of hearing in February, and was advised specifically in the Summary Order that the only "additional" evidence that would supplement the record placed before the Court in November would be the evidence submitted on February 2. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.* v. *Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Though litigation is fluid, not static, it does come to a close; a record is established; and decisions are made on that record. Here, Debtor urges "reconsideration" in part based on its characterization of developments in the case occurring after the record was closed and the Dismissal Motion was submitted.[9]

---

[9] Debtor appears to argue that these developments (amended plan proposals, different disclosure statements, an affidavit regarding infusion into the estate of funds not shown in financial reports, etc.) should be viewed as "evidence" on which the Dismissal Motion should be evaluated. However, the events occurring after the Dismissal Motion was submitted do not qualify as "newly discovered evidence" under the Rule 59(e) standards. *See, e.g.*, *Henning*, 420 B.R. at 785-86 (debtors' motion to convert their case from chapter 13 to chapter 11, filed after the subject stay relief ruling was made, did not constitute newly discovered evidence but, rather, was a strategic decision). *See also Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981) (determining that evidence of events occurring after the trial is not newly discovered evidence within the meaning of Rule 59). If a Rule 59(e) motion is premised on newly discovered evidence, the movant must show that (1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered timely and (3) that the evidence is of such a magnitude that production of it earlier would likely have changed the outcome of the case. *Hasso v. Mozsgai (In re La Sierra Financial Serv., Inc.)*, 290 B.R. 718, 733 (9th Cir. BAP 2002). A party seeking relief on this ground must specify the manner in which all

(continued...)

MEMORANDUM OF DECISION - 11

That argument can be made in regard to developments through February 2 because the Summary Order so allowed. But those developments through February 2 were known to the Court when it ruled on February 15. The Court deems it inappropriate to, in effect, allow Debtor to reopen the evidentiary record on the Dismissal Motion and leave it open for serial consideration of the issue of dismissal as Debtor's proposals morph.

In conclusion, the Motion to Reconsider effectively asks only that the Court rethink its ruling on the Dismissal Motion, claiming that the decision was in error because Mountain West Bank failed to meet its burden under § 1112(b) and/or that the Court erred in how it weighed and evaluated the evidence and arguments on the question of whether cause was established. The Court carefully considered the arguments raised in resolving the Dismissal Motion. As noted in *Sterling Mining*, the Court appreciates that litigants feel strongly in the correctness of their analyses and positions, but that conviction even when coupled with the belief that the Court did not correctly decide the matter does not support reconsideration. It is rather a basis for appeal. 2009 WL 2705825 at *2.

Having evaluated the Motion to Reconsider under the established authorities relevant to requests under Rule 59(e), and considering the arguments

---

[9](...continued)
three elements are met. Debtor fails to do so here.

MEMORANDUM OF DECISION - 12

and contentions raised, the Court concludes the Motion to Reconsider is not well taken and will be denied. An appropriate order will be entered.

DATED: March 21, 2011



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 13